■ In the Matter of JOHN J. CAMPAGNA et al., Respondents, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Final order appealed from entered on February 17, 1966, unanimously modified, on the law and the facts, the petitions dismissed and the assessments reinstated, with $50 costs and disbursements to appellants. These were consolidated proceedings to reduce the real estate tax assessments for the years 1960–61 through 1965–66, on premises 205 East 63rd Street, Borough of Manhattan. The reductions allowed have no adequate support in the record. Petitioners have not shown by substantial evidence that the claimed over-valuations exist (*Matter of Peterson* v. *Assessors of Town of Westport,* 25 A D 2d 797). The building was completed during the early taxable years and was opened for occupancy in the taxable year 1962–63. Its cost of construction is a significant factor (*Matter of Steward Tenants Corp.* v. *Tax Comm. of City of N Y,* 25 A D 2d 623; *Matter of 860 Fifth Ave. Corp.* v. *Tax Comm.,* 8 N Y 2d 29). Both the ground rents paid and the return of the property when the building was completed when capitalized at rates indisputably proper, show values in excess of the assessments. Additionally, the fire insurance coverage and mortgage loan all tend to support the property assessments. Sales in the area and the actual ground lease rental all show that the land assessors were within permissible range. Petitioners have not shown that the value is less than that fixed by the appraisers (cf. *Matter of Seagram & Sons* v. *Tax Comm. of City of N. Y.,* 18 A D 2d 109, affd. 14 N Y 2d 314). Concur — Botein, P. J., Stevens, Eager, Steuer and Tilzer, JJ. [27 A D 2d 832.]

■ Estate of MARY M. TOWLER, by its Administrator, JOHN J. TOWLER, Respondent-Appellant, et al., Plaintiff, v. FORDHAM FUEL OIL CORP. et al., Appellants-Respondents.— Judgment in favor of plaintiff unanimously reversed, on the law, the facts and in the exercise of discretion, the verdict vacated and a new trial granted, without costs and without disbursements, unless plaintiff stipulates to accept $35,000 in lieu of award by verdict in the wrongful death action for $57,000, in which event the judgment is modified to that extent and is affirmed as thus modified, without costs or disbursements. It is evident that the jury verdict in the wrongful death action is grossly excessive and that any award in excess of the amount indicated is not warranted by the record. Settle order on notice. Concur — Stevens, Steuer, Capozzoli, Rabin and McNally, JJ.